IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Roy Reynolds,                           :

    Plaintiff,                        :

  v.                                    :     Case No. 2:09-cv-303

City of Columbus, et al.,               :     JUDGE SARGUS

    Defendants.                       :

REPORT AND RECOMMENDATION

On April 20, 2009, Roy Reynolds, a pro se plaintiff, filed a complaint against the City of Columbus, John Doe, and Jane Doe and sought leave to proceed *in forma pauperis*. For the following reasons, the Court will grant the application to proceed *in forma pauperis* and will recommend that the complaint be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief may be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. Id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or

delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint and application for leave to proceed *in forma pauperis* will be considered.

II.

Mr. Reynolds has filed this action under 42 U.S.C. §§1983 and 1985. He claims that the City of Columbus, through its Department of Trade and Development and its employees John and Jane Doe, "conspired to and in fact did deprive Plaintiff Roy Reynolds of his quality of life and unfettered liberty and pecuniary interests as would shock the conscience". Complaint at ¶17. Specifically, he alleges that the City of Columbus and its agents "maliciously prosecuted [him] in connection with Order No. B9902154" issued by the Department of Trade and Development on April 5, 1999 and violated his rights by "commencing and maintaining a quasi-criminal proceeding for failure to abate a nuisance" as set forth in the Order. Complaint at ¶¶16 and 17. Mr. Reynolds seeks $5,000,000.00 in damages.

After considering these allegations, the Court does not construe Mr. Reynolds's complaint as sufficient to state a claim upon which relief can be granted under §§1983 and 1985. It has been uniformly held that in order for a §1983 claim of conspiracy to survive a motion to dismiss, the pleading which sets forth that claim must do so in a specific fashion. "It is well-settled that conspiracy claims must be pled with some degree of

specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under §1983." Guiterrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987). The complaint in question must "allege specific facts showing agreement and concerted actions among the defendants...." Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). The failure to allege all elements of a conspiracy, including an agreement or a meeting of the minds among the alleged conspirators, and overt actions in furtherance of the conspiracy, requires dismissal of the complaint. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989); Gometz v. Culwell, 850 F.2d 461, 464 (8th Cir. 1988); McGillicuddy v. Clements, 746 F.2d 76, 77 (1st Cir. 1984). Conspiracy claims under §1985 must be pled with the same specificity as conspiracy claims under §1983. Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984); Ashiegbu v. Purviance, 74 F.Supp.2d 740, 750 (S.D.Ohio 1998).

Mr. Reynolds alleges conspiracy by the defendants twice in his complaint. In paragraph 12, Mr. Reynolds alleges that the City of Columbus and John and Jane Doe "conspired among each other to commit unlawful acts." In paragraph 17, Mr. Reynolds alleges that the defendants "conspired to and in fact did deprive Plaintiff Roy Reynolds of his quality of life and unfettered liberty and pecuniary interests ... All of the rights of Plaintiff Roy Reynolds as set forth, were violated by defendants and each of them by the use of false statements, false documents, and unreasonable and unnecessary denial of due process...." A review of the allegations in these paragraphs indicates that they are insufficient to state a conspiracy claim under §§1983 and 1985. Mr. Reynolds has not alleged any facts to support a conspiracy claim, such as a meeting of the minds among the City's agents or overt actions in furtherance of the conspiracy, except for unspecified false statements and documents.

Mr. Reynolds's claim under §1985 must also be dismissed because his complaint failed to allege a class-based conspiracy. Even if Mr. Reynolds had properly pled a conspiracy, not every conspiracy to deprive someone of his or her constitutional rights is actionable under §1985. Rather, the deprivation must be motivated by some class-based discriminatory animus. United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott, 463 U.S. 825 (1983); Griffin v. Breckenridge, 403 U.S. 88 (1971). The failure to allege membership in a protected class, and discrimination based upon such class membership, requires dismissal of any claim under §1985(3). See also Macko v. Byron, 641 F.2d 447 (6th Cir. 1981); Smith v. Martin, 542 F.2d 688 (6th Cir. 1976), cert. denied, 431 U.S. 905 (1977); Eaton v. City of Solon, 598 F.Supp. 1505, 1514 (N.D.Ohio 1985).

Additionally, Mr. Reynolds's claim is barred by the statute of limitations. The statute of limitations applicable to claims arising under §1983 is the two-year statute of limitations found in Ohio Revised Code §2305.10. Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989). This two-year statute of limitations also applies to claims arising under §1985. Harris v. Board of Educ., 798 F.Supp. 1331, 1345 (S.D.Ohio 1992). The statute of limitations commences to run when, through the exercise of reasonable diligence, "the plaintiff knows or has reason to know of the injury which is the basis of his action." Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984). To determine when a cause of action accrues, the court must look to what event should have alerted the typical lay person to protect his or her rights. Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir. 1991) (citing Conlin v. Blanchard, 890 F.2d 811, 815 (6th Cir. 1989)).

Under this reasoning, Mr. Reynolds should have been alerted to protect his rights when Order No. B9902154 was issued by the Department of Trade and Development on April 5, 1999. Even if

the court accepts Mr. Reynolds's allegation that he was "confused and blinded" and "totally unaware of the presence of the administrative appeal process" for the Order at that time, he should have become aware of the injury more than two years before filing his complaint. Complaint at ¶17.

There can be an exception to the two-year statute of limitations when the plaintiff shows prior discriminatory activity that continues into the present. Tolbert v. State of Ohio Dep't of Transp., 172 F.3d 934, 940 (6th Cir.1999). The court has made clear that "a continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." Id. at 940. Mr. Reynolds alleges that he was maliciously prosecuted "from April 5, 1999 to present 2009" but does not allege any facts showing wrongful conduct by the City of Columbus or its agents beyond the date of June 13, 2002. Complaint at ¶¶16 and 3. Therefore, Mr. Reynolds's claims do not constitute a continuing violation and are barred by the applicable statute of limitations.

### III.

Based on the foregoing, the request to proceed *in forma pauperis* is granted. It is recommended that the complaint be dismissed as frivolous and for failing to state a claim upon which relief can be granted. Further, it is recommended that, in the event the Court adopts this recommendation, a copy of the complaint, this Report and Recommendation and the Court's dismissal order be mailed to the defendant, City of Columbus.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made,

together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge